*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0164p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

SEDLEY ALLEY,

        *Plaintiff-Appellee,*

    *v.*

  No. 06-5650

GEORGE LITTLE, in his official capacity as
Tennessee's Commissioner of Correction, et al.,

        *Defendants-Appellants,*

JOHN DOES 1-100, et al.,

        *Defendants.*

Filed: May 16, 2006

Before: BOGGS, Chief Judge; MARTIN, BATCHELDER, DAUGHTREY, MOORE, COLE,[*]
CLAY, GILMAN, ROGERS, SUTTON, COOK, McKEAGUE, and GRIFFIN, Circuit Judges.

## ORDER

The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this court, and less than a majority of the judges having favored the suggestion, the petition for rehearing has been referred to the original panel.

The panel has further reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision of the case. Accordingly, the petition is denied.

---

[*] Judge Gibbons recused herself in this case.

1

BOYCE F. MARTIN, JR., Circuit Judge, with whom DAUGHTREY, MOORE, COLE, and CLAY, Circuit Judges, join, dissenting from the denial of rehearing en banc.

The Supreme Court recently heard oral arguments in *Hill v. McDonough*, No. 05-8794, and is expected to issue a decision before the end of the current Term in June. The Court's decision will impact Alley's case either by allowing him or not allowing him to challenge the method of his execution pursuant to 42 U.S.C. § 1983. If Alley is executed on Wednesday and the Supreme Court decides *Hill* in his favor next month, this Court will effectively have locked the barn door after the horse has already escaped. If we uphold the stay entered by the district court, as I would, and the Supreme Court decides *Hill* against Alley's interests, Tennessee may proceed with the execution in June.

To me, this balancing of interests weighs heavily in favor of upholding the stay entered by the district court. Moreover, the dysfunctional patchwork of stays and executions going on in this country further undermines the various states' effectiveness and ability to properly carry out death sentences. We are currently operating under a system wherein condemned inmates are bringing nearly identical challenges to the lethal injection procedure. In some instances stays are granted, while in others they are not and the defendants are executed, with no principled distinction to justify such a result. *Compare Rutherford v. Crosby*, 546 U.S. ___, 126 S.Ct. 1189 (Jan. 25, 2006); *Taylor v. Crawford*, No. 06-1379 (8th Cir. Feb. 1, 2006) (en banc); *Roane v. Gonzales*, No. 05-2337 (D.D.C. Feb. 24, 2006), *with Wilson v. Livingston*, 2006 U.S. App. LEXIS 10958 (5th Cir. May 2, 2006), *stay denied*, 2006 U.S. LEXIS 3670 (U.S., May 4, 2006); *Donahue v. Bieghler*, 126 S.Ct. 1190 (U.S., Jan 27, 2006). This adds another arbitrary factor into the equation of death and thus far, there has been no logic behind the Supreme Court's decision as to who lives and who dies. Until the Supreme Court sorts this out, I would uphold the stay issued in this case, and all cases that come before this Court, and therefore dissent from the Court's contrary holding.

We review a district court's decision to enter a stay for abuse of discretion. *See Yolton v. El Paso Tenn. Pipeline, Co.*, 435 F.3d 571, 577 (6th Cir. 2006). Our four factor analysis requires us to consider the petitioner's likelihood of success on the merits, whether the petitioner will suffer irreparable harm if a stay is not entered, whether others will be harmed by the entry of a stay, and the public interest in a stay. These factors must be balanced to determine whether a stay ought to be entered.

First, it is clear that petitioner will suffer irreparable harm if a stay is not entered. He will be dead. This will of course moot any challenge he could mount should the Supreme Court decide *Hill* to allow a §1983 suit.

Second, we consider whether others will be harmed by the stay. As the district court noted, the state may incur financial costs and relatives of the plaintiff's victim might experience emotional harm. These are serious interests that we ought to credit. Nevertheless, the fact that the Supreme Court will issue a decision by the end of next month militates against finding these interests overwhelming. Death, of course, is different. A delay of less than two months — awaiting a highly relevant Supreme Court decision — is worth the wait when human life is at stake.

Third, we consider the public interest. Certainly the public interest in carrying out criminal sentences is strong. On the other hand, the public also has an interest in not carrying out cruel and unusual punishment or terminating human life prematurely. Finally, the public interest in uniform adjudication by the federal courts is not to be disregarded. The fact is that fifteen executions have been carried out despite *Hill*. Other courts have issued stays putting executions on hold pending the *Hill*'s disposition. This patchwork justice is intolerable when dealing with the imposition of the death penalty and undermines the public interest in uniform adjudication.

Finally, we consider Alley's likelihood of success on the merits. The panel decision declares that there is only a "small" likelihood of success on the merits and finds that this "ultimately decides the matter." I disagree. The district court found that Alley "by providing expert testimony that the current lethal injection protocol causes excruciating deaths, has made an adequate showing on the merits of his Eighth and Fourteenth Amendment claims." Dist. Ct. Op. at 6. The panel decision does not make clear why this Court should disregard the district court's explicit factual finding, particularly given the abuse of discretion standard it purports to apply. From the executions that have proceeded recently, including one last week, we have additional evidence of the problems with this procedure. Although Alley's claim may not be a clear winner, I do not believe that it is a clear loser, and there is a likelihood that Alley will be able to show that lethal injection amounts to cruel and unusual punishment. In light of this, I would not find that this factor "ultimately decides the matter." Rather, viewing all four factors, and because death is different, I would find that the district court did not abuse its discretion by entering a stay pending the Supreme Court's resolution of *Hill*.

No doubt the march toward death is powerful. Currently, however, the march is anything but orderly. The current administration of the death penalty in light of the pending decision of *Hill* is more like a march in dozens of different directions, which I believe is more costly, more inefficient, and more arbitrary, than entering the stay and waiting temporarily for some (hopefully) clear guidance. The arbitrariness of death penalty administration is not ameliorated by the fact that *Hill* involves what the panel terms "a procedural matter." Rather, administration of the death penalty can only be made more arbitrary by the possibility that after *Hill*, some current death row inmates may be able to show in court that the practice of lethal injection violates the Eighth Amendment's prohibition of cruel and unusual punishment, while other currently similarly situated inmates will have already been put to death through a method deemed to violate the Constitution. I would wait for the Supreme Court to resolve the issue and would affirm the district court's decision entering the stay.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

Clerk